UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YOLANDA LEFCOURT,             )
                                      )
        Plaintiff,          )
                                        )         CIVIL ACTION NO.
VS.                        )
                                        )         3:17-CV-2617-G
THE HEALTH ENROLLMENT    )
GROUP, INC., ET AL.,          )
                                        )
        Defendants.     )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant The Health Enrollment

Group, Inc. ("HEG"), pursuant to FED. R. CIV. P. 60(b)(4), for relief from the default

judgment (docket entry 19). For the reasons set forth below, the motion is granted.

## I. BACKGROUND

On August 24, 2017, Yolanda Lefcourt ("Lefcourt") filed this suit against HEG

and Fidelity & Guaranty Life Insurance Company ("Fidelity") in the 134th Judicial

District Court of Dallas County, Texas, to recover benefits under a life insurance

policy. *See* Notice of Removal ¶ 1 (docket entry 1). The petition included the

heading "Parties and Service of Citation" which read in relevant part as follows.

> Defendant The Health Enrollment Group, Inc. is a for-profit corporation engaging in business in the State of Texas and this lawsuit arises from The Health Enrollment Group, Inc.'s business in Texas, but The Health Enrollment Group, Inc. does not maintain a regular place of business in Texas and does not have a designated agent for service of process in Texas. Thus, in accordance with Texas Civil Practice & Remedies Code section 17.044, *et seq.*, among other statutes, The Health Enrollment Group, Inc. may be served through the Texas Secretary of State as agent for service of process of The Health Enrollment Group, Inc. at: Secretary of State, Service of Process, P.O. 12079, Austin, Texas 78711-2079, who will then forward service of process to: Marc C. Munoz, President and Registered Agent of The Health Enrollment Group, Inc. at its registered office: 5653 NW 117 Ave., *Coral Springs*, FL 33076 or to Marc C. Munoz, President and Registered Agent of The Health Enrollment Group, Inc., at the Health Enrollment Group, Inc.'s home office located at: 5701 N Andrews Way, Fort Lauderdale, FL 33309.

Plaintiff's Original Petition at 2 (emphasis added), *attached to* Notice of Removal as Exhibit E.

On September 5, 2017, Lefcourt served HEG with a copy of her citation and petition by serving the Texas Secretary of State, as HEG's agent, via certified mail. Plaintiff's Request for Clerk's Entry of Default as to Defendant The Health Enrollment Group, Inc. ("Request for Clerk's Entry of Default") ¶ 3 (docket entry 7); Notice of Removal, Exhibit N. On September 12, 2017, the Texas Secretary of State forwarded those documents via certified mail to the following:

> The Health Enrollment Group, Inc.
> Marc C. Munoz, President and Registered Agent
> 5653 NW 117 Ave.
> *Coral Gables*, FL 33076

*See* Certificate, *attached to* Request for Clerk's Entry of Default (emphasis added).

On September 25, 2017, Fidelity removed the case to this court based on diversity of citizenship.[*] *See generally* Notice of Removal. HEG consented to the removal. See *id.*, Exhibit C.

HEG failed to answer Lefcourt's petition. On November 3, 2017, Lefcourt moved for default judgment against HEG. *See* Plaintiff's Motion for Default Judgment on Monetary Damages Against Defendant The Health Enrollment Group, Inc. (docket entry 10). On November 30, 2017, this court entered default judgment against HEG for actual damages of $500,000, plus attorneys' fees in the amount of $7,000 for a total judgment of $507,000, together with interest compounded annually. *See* Default Judgment Against Defendant The Health Enrollment Group, Inc. (docket entry 11).

On April 10, 2018, HEG moved to vacate the default judgment pursuant to Federal Rule of Civil Procedure Rule 60(b) ("Rule 60(b)").

## II. ANALYSIS

Motions under Rule 60(b) are directed to the sound discretion of the district court and will be reversed only for abuse of that discretion. *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.

---

[*] On December 21, 2017, Lefcourt dismissed her claims against Fidelity. *See* Stipulation of Dismissal as to Defendant Fidelity & Guaranty Life Insurance Company Only Without Prejudice (docket entry 13).

1996) (citations omitted). HEG brings its motion pursuant to Rule 60(b)(4), which

provides that " . . . the court may relieve a party or its legal representative from a

final judgment, order, or proceeding for the following reason[]: . . . (4) the judgment

is void[.]" Under Rule 60(b)(4), a judgment is "void" only if the court had no

jurisdiction over the proceedings or the proceedings violated due process. *Magness v.*

*Russian Federation*, 247 F.3d 609, 619 n.19 (5th Cir.), *cert. denied*, 534 U.S. 892

(2001). If a court lacks jurisdiction over a party due to insufficient service of process,

the judgment is void, and the district court must set the judgment aside. *Recreational*

*Properties, Inc. v. Southwest Mortgage Service Corporation*, 804 F.2d 311, 314 (5th Cir.

1986).

Federal Rule of Civil Procedure 4(e)(1) grants a plaintiff the ability to

effectuate service of process in any manner permissible within the forum state. One

such form of process provided by the Texas long-arm statute permits a plaintiff to sue

a nonresident of Texas using substitute service through the Texas Secretary of State.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.026(a). To avail oneself of the benefits

of substitute service, the plaintiff must allege: (1) the Secretary of State is the agent

for service on the nonresident; (2) the nonresident engaged in business in Texas;

(3) the nonresident does not maintain a regular place of business in Texas; (4) the

nonresident does not have a designated agent for service of process; and (5) the

lawsuit arises out of the nonresident's business in Texas. See *id*. § 17.044(b). If the

Secretary of State is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the Secretary of State shall immediately send a copy of the process to the nonresident at the address provided by registered mail or by certified mail, return receipt requested. *Id*. § 17.045(a), (d). "[F]ailure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Company, Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam).

Absent proper service of process, a court lacks personal jurisdiction over a defendant, and any default judgment against the defendant would be void. *Rogers v. Hartford Life and Accident Insurance Company*, 167 F.3d 933, 940 (5th Cir. 1999). In this case, unless service of process was made in strict compliance with Texas state law, this court acquires no personal jurisdiction over HEG. See *Whitney v. L & L Realty Corporation*, 500 S.W.2d 94, 96 (Tex. 1973) ("[A] showing in the record that the Secretary of State forwarded a copy of the process is essential to establish the jurisdiction of the court over the defendants' persons."). This requirement is typically met by filing "a *Whitney* certificate" with the trial court. *WTW Americas, Inc. v. Systems Integration, Inc.*, 221 S.W.3d 744, 746 (Tex. App. – Waco 2007, no writ).

HEG asserts that Lefcourt's attempted substituted service under the Texas long-arm statute was defective because the Texas Secretary of State sent the citation and petition to Coral Gables, Florida, located in Miami-Dade County, rather than Coral Springs, Florida, located in Broward County, Florida as the petition correctly specified and also did not forward a copy to HEG's home office. Defendant The Health Enrollment Group, Inc.'s Rule 60(b)(4) Motion for Relief from Default Judgment at 13-17 (docket entry 19).

The *Whitney* certificate in this case reveals that the Texas Secretary of State did not send the process to "the address provided" as required by law. Under Texas law, "[a] typographical error in the forwarding address . . . is grounds to set aside a default judgment based on substituted service." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 398–99 (5th Cir. 2001) (quoting *Royal Surplus Lines Insurance Company v. Samaria Baptist Church*, 840 S.W.2d 382, 383 (Tex. 1992) (per curiam)); see also *Landagan v. Fife*, No. 01-13-00536-CV, 2014 WL 2809813, at *4 (Tex. App. – Houston [1st Dist.] June 19, 2014, no writ).

Lefcourt asserts actual service of process is not required as HEG received actual notice of this lawsuit on several occasions. Plaintiff's Response to Defendant The Health Enrollment Group, Inc.'s Rule 60(b)(4) Motion for Relief from Default Judgment at 14-16 (docket entry 22). However, "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to

render default judgment against [the defendant]. Rather, jurisdiction is dependent upon citation issued and service in a manner provided for by law." *Harper Macleod Solicitors*, 260 F.3d at 399 (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)); see also *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam) ("[E]ven if a defendant has received actual notice of a pending lawsuit, a default judgment rendered upon defective service will not stand.").

The court finds that HEG was not properly served under Texas law. Accordingly, this court has no jurisdiction over HEG, and the default judgment is void.

## III. <u>CONCLUSION</u>

For the reasons stated above, the motion is **GRANTED** and this court's default judgment (docket entry 11) is **VACATED**.

**IT IS FURTHER ORDERED** that Lefcourt is granted until **September 13, 2018**, to effect proper service of process on HGE. If evidence of service of process is not entered into the record within such deadline, the above-captioned case will be dismissed.

**SO ORDERED.**

August 14, 2018.

A. Joe Fish

_____
**A. JOE FISH**
**Senior United States District Judge**